IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:2006-31 |
| ) | |
| JAMIE RICHARDSON, ) | JUDGE GIBSON |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the additional briefing by the parties regarding the issue of the independent source doctrine and the inevitable discovery doctrine.[1] See Government's Brief (Document No. 52) and Defendant's Brief (Document No. 54). These additional briefs were filed by the parties pursuant to the Order of Court dated August 3, 2007 (Document No. 51). The outstanding issue addressed by these briefs is whether the Defendant's Hewlett Packard computer should remain as suppressed evidence in light of Immigration and Customs Enforcement (hereinafter "ICE") Special Agent Lieb's (hereinafter "Agent Lieb") actions in physically taking custody of that computer or should the Hewlett Packard computer be determined to be admissible evidence pursuant to the independent source doctrine or the inevitable discovery doctrine. As previously found by this Court, the Government lawfully obtained an *image* of the content of the Hewlett Packard computer's hard disk drive on

---

[1] In the Memorandum Opinion and Order of Court dated August 3, 2007 (Document No. 51), this was referred to as the "inevitable discovery rule." Although courts have used both names, in this Memorandum Opinion "doctrine" will be used instead of "rule" for sake of uniformity and ease of understanding in light of the fact that many of the quotes referred to herein use "doctrine".

September 6, 2006. Memorandum Opinion (Document No. 51) ¶¶ 39, 41. The Government argues for the admission of the Hewlett Packard computer, while the Defendant argues against its admission and, additionally, seeks reconsideration of this Court's ruling with regard to the admissibility of the Defendant's "incriminating statements". *See* Government's Brief pp.2-5; Defendant's Brief, pp. 2-3. For purposes of the following analysis, the Court will rely upon its previous findings of fact (hereinafter "FOF") and conclusions of law (hereinafter "COL") presented in the Memorandum Opinion dated August 3, 2007.

This Court has already found that the image of the Hewlett Packard hard drive was lawfully obtained, (COL 13, 21, 22), but also concluded that Agent Lieb's later actions in obtaining the actual Hewlett Packard computer violated the Fourth Amendment (COL 30). At the time Agent Lieb physically obtained the Hewlett Packard computer from the Defendant, she had already viewed the image of its hard disk drive which had been previously obtained and learned that it contained child pornography. COL 26-28; FOF 44. The issue that remains is whether the independent source doctrine or the inevitable discovery doctrine may act as an exception to the exclusionary rule applied in the Defendant's case. The two concepts are closely related:

> Accordingly, under the independent source doctrine, evidence that was in fact discovered lawfully, and not as a direct or indirect result of illegal activity, is admissible. In contrast, the inevitable discovery doctrine, applied in *Nix*, permits the introduction of evidence that inevitably would have been discovered through lawful means, although the search that actually led to the discovery of the evidence was unlawful. The independent source and inevitable discovery doctrines thus differ in that the former focuses on what actually happened and the latter considers what would have happened in the absence of the initial search.

*U.S. v. Herrold*, 962 F.2d 1131, 1140 (3d Cir. 1992).

The article that has been suppressed by the Court is the actual Hewlett Packard computer. Whether it is admissible into evidence at trial is the issue. The Court concludes that the exception to the operation of the exclusionary rule which should be examined in determining the admissibility of the computer is the inevitable discovery doctrine, not the independent source doctrine. This is so because, the independent source doctrine operates to permit the introduction of the same evidence obtained in separate manners, one manner that was found to be violative of the Fourth Amendment and another manner that did not violate the Fourth Amendment. By comparison, the inevitable discovery doctrine "permits the introduction of evidence that *inevitably would have* been discovered through lawful means...." *United States v. Herrold*, 962 F.2d 1131, 1140 (3d Cir. 1992)(emphasis in original).

Under the inevitable discovery doctrine, the Government must "establish by preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means...." *United States v. Vasquez de Reyes*, 149 F.3d 192, 195 (3d Cir. 1998). This doctrine's purpose is the same as the independent source doctrine: "the exclusionary rule ensures that the police should not be in a better position as a result of their illegal action, but neither should they lie in a worse

3

position." *Vasquez de Reyes* at 194. The manner in which the evidence was acquired is especially notable for the instant case:

> It is the government's burden to show that the evidence at issue would have been acquired through lawful means, a burden that can be met if the government establishes that the police, following routine procedures, would inevitably have uncovered the evidence. *See, e.g., United States v. Martinez-Gallegos,* 807 F.2d 868, 870 (9th Cir. 1987). However, the Supreme Court made clear in *Nix* that the analysis should focus upon the historical facts capable of ready verification, and not speculation. *Nix,* 467 U.S. at 444, n. 5, 104 S.Ct. 2501.

*U.S. v. Vasquez De Reyes*, 149 F.3d 192, 195 (3d Cir. 1998). Therefore, the inevitable discovery doctrine centers on the fact that evidence was obtained by unlawful acts and whether separate actions that follow routine procedures and comply with the Fourth Amendment would have uncovered the same evidence. In contrast, evidence obtained under the independent source doctrine is evidence that was obtained using separate means, one legal, the other illegal. The focus here is upon the Hewlett Packard computer. The computer itself was only obtained in an illegal manner. The computer itself was never obtained by any legal means. Thus, application of the inevitable discovery doctrine is appropriate.

It appears that Agent Lieb possessed probable cause to obtain a search warrant for the Hewlett Packard computer after having legally obtained an image of its hard disk drive and viewed it. FOF 43, 44, 47; COL 13. However, assuming the existence of probable cause, the failure of the Government to obtain a search warrant based upon that probable cause is not a circumstance which permits the application of the inevitable discovery doctrine.

The inevitable discovery doctrine relies upon predictability and a routine of actions. In this case a warrant was not obtained, however, the Government argues that the Court should accept the

4

assumption that in the natural course of events a warrant eventually would have been obtained which would have led to the inevitable discovery of evidence, namely the computer, which had previously been obtained by the Government in violation of the Fourth Amendment. This issue has not been squarely addressed by the Court of Appeals for the Third Circuit, but other circuits appear to be in agreement that the failure of law enforcement presented in this case, despite the presence of probable cause, precludes application of the inevitable discovery doctrine. *See United States v. Reilly*, 224 F.3d 986, 995 (9th Cir. 2000)(finding inevitable discovery doctrine does not apply to obviate warrant requirement of the Fourth Amendment); *United States v. Mejia,* 69 F.3d 309, 320 (9th Cir. 1995)("If evidence were admitted notwithstanding the officers' unexcused failure to obtain a warrant, simply because probable cause existed, then there would never be *any* reason for officers to seek a warrant."); *United States v. Cabassa,* 62 F.3d 470, 473 (2d Cir. 1995)("If the process of obtaining a search warrant has barely begun, for example, the inevitability of discovery is lessened by the probability, under all circumstances of the case, that the evidence in question would no longer have been at the location of the illegal search when the warrant actually issued"); *United States v. Allen,* 159 F.3d 832, 841-842 (4th Cir. 1998)("The inevitable discovery doctrine cannot rescue evidence obtained via an unlawful search simply because probable cause existed to obtain a warrant when the government presents *no* evidence that the police would have obtained a warrant. Any other rule would emasculate the Fourth Amendment."). The reasoning of these circuit courts appears to be sound and this Court finds that reasoning to be instructive concerning the proper resolution of the issue presented in this case. To view the inevitable discovery doctrine in a manner contrary to the approach adopted in these other circuits would allow a law enforcement officer possessing probable cause to conduct an illegal search without

a warrant, and then, after discovery of incriminating evidence, that officer would merely have to state that he had probable cause prior to the illegal search and he would have obtained a warrant and then seized the evidence that he illegally obtained; therefore, the inevitable discovery doctrine applies to permit the evidence to be admitted rather than suppressed. The Fourth Amendment warrant requirement would be seriously diminished if this method of search were to be judicially approved. To quote the Court of Appeals for the Fourth Circuit:

> The existence of probable cause for a warrant, in and of itself and without any evidence that the police would have acted to obtain a warrant, does not trigger the inevitable discovery doctrine any more than probable cause, in and of itself, renders a warrantless search valid. The inevitable discovery doctrine applies to alleviate "formalistic" and "Pointless" applications of the exclusionary rule, *Nix*, 467 U.S. at 445, 104 S.Ct. 2501, but it does not and cannot eliminate Fourth Amendment protections.

*United States v. Allen,* 159 F.3d 832, 841 (4th Cir. 1998).

Thus, the Court finds that application of the inevitable discovery doctrine is improper under the present circumstances where the Government assumingly possessed probable cause to search the Defendant's Hewlett Packard computer, but did not obtain a search warrant, let alone begin the process to obtain a search warrant, but sought the Defendant's consensual relinquishment of that computer while incorrectly leading him to believe his relinquishing of the computer was necessary to investigate a crime of which he was a victim.

The actual images of child pornography on the Hewlett Packard computer constitute a different matter. Turning to the evidence the Government has in hand, a copy of the Hewlett Packard hard disk drive, this copy was found to be admissible in the Memorandum Opinion of August 3, 2007. This finding was based upon the fact that the images contained on that hard disk drive were copied pursuant

to the Defendant's properly obtained consent. FOF 37, COL 13, 21, 22. Although not explored in that Memorandum Opinion, the independent source doctrine is a proper basis for admission of the contents of the image of the hard disk drive now in the possession of the Government. This conclusion is now timely in light of the fact that the Hewlett Packard computer itself is not admissible. Thus, this image of the Hewlett Packard hard disk drive, obtained lawfully, is admissible under the independent source doctrine.

Finally, we must consider the Defendant's motion to reconsider included within his brief. The Defendant seeks the Court's reconsideration of its finding that his statements made subsequent to his relinquishing custody of the Hewlett Packard computer to Agent Lieb are admissible. In essence, the Defendant's argument seeks exclusion of his statements made to Agent Lieb at the ICE office because he believes the statements were a product of him presenting himself at the ICE office in Pittsburgh under the belief that he was a victim.

This issue was previously addressed in the Memorandum Opinion of August 3, 2007. *See* COL 31, 32. FOF 43, 49, 50. The Court's view of these circumstances remains the same: the Defendant presented himself believing he was a victim, but was informed after relinquishing the Hewlett Packard computer that images of child pornography were found on the copy of the hard disk drive of this computer and also on the second computer and that Agent Lieb wished to question him about these images and, further, he was also informed that he was free to leave and was not under arrest. When he subsequently spoke with Agent Lieb, the Defendant did so of his own free will after it was clear that his continued presence in the ICE office was for purposes of investigating a different crime for which he was a possible suspect. It is the Court's determination that he arrived voluntarily under the pretense

of the ruse previously begun by Agent Lieb at the Defendant's home, but once the nature of the ruse was revealed and Agent Lieb indicated to the Defendant that his computers contained child pornography, the Defendant remained at the ICE office and voluntarily made statements to Agent Lieb. The Defendant's act of remaining to speak with Agent Lieb was voluntary and separates his statements from any taint that may have resulted from the circumstances which led to the suppression of the Hewlett Packard computer.

     An appropriate Order follows.

**AND NOW**, this 26th day of September, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Court's ruling in its Memorandum Opinion and Order of Court dated August 3, 2007 with regard to the suppression of the Defendant's Hewlett Packard computer remains as the ruling of this Court and the law of the case and that computer and its physical contents may not be admitted into evidence at the time of trial; IT IS FURTHER ORDERED that the image of the Hewlett Packard's hard disk drive is admissible at the time of trial based upon the independent source doctrine; IT IS FURTHER ORDERED THAT the Defendant's Motion for Reconsideration (included within his Brief in Support (Document No. 54)) regarding the Defendant's statements made to Agent Lieb at the ICE office in Pittsburgh, Pennsylvania is DENIED and those statements are admissible at trial.

BY THE COURT:

_____
**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**